# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| VANYA TAYLOR, on behalf of | \* | |
| ZT, a minor child, | \* | No. 14-146V |
| | \* | Special Master Christian J. Moran |
| Petitioner, | \* | |
| | \* | |
| v. | \* | Filed: December 29, 2014 |
| | \* | |
| SECRETARY OF HEALTH | \* | Stipulation; Tetanus- diphtheria- |
| AND HUMAN SERVICES, | \* | acellular pertussis ("Tdap") vaccine; |
| | \* | Guillain-Barré Syndrome ("GBS"). |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Roger Johnson, Johnson, Vorhees & Martucci, Joplin, MO, for Petitioner;
Justine Daigneault, United States Dep't of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED DECISION[1]

On December 22, 2014, respondent filed a joint stipulation concerning the
petition for compensation filed by Vanya Taylor, on behalf of her son, ZT, on
February 24, 2014.  In her petition, Ms. Taylor alleged that the Tetanus-
diphtheria- acellular pertussis ("Tdap") vaccine, which is contained in the Vaccine
Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which ZT received on July
25, 2011, caused him to developed Guillain-Barré Syndrome ("GBS").  Petitioner
represents that there has been no prior award or settlement of a civil action for
damages on behalf of ZT as a result of his condition.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17,
2002), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b),
the party has 14 days to file a motion proposing redaction of medical information or other
information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special
master will appear in the document posted on the website.

Respondent denies that the Tdap vaccine caused ZT's GBS or any other injury or his current condition.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A."  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages.  The payments provided for in this paragraph shall be made as set forth in the attached stipulation. [2]

Damages awarded in that stipulation include:

**The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of ZT, pursuant to which the Life Insurance Company will agree to make payments periodically to ZT for all damages that would be available under 42 U.S.C. § 300aa-15(a), as follows:**

**Beginning April 28, 2016, $14,084.55 payable annually for a period of ten (10) years certain.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case14-146V according to this decision and the attached stipulation.[3]

---

[2] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa I, or Aaa;

c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

Any questions may be directed to my law clerk, Christina Gervasi, at (202) 357-6521.

**IT IS SO ORDERED.**

<u>s/ Christian J. Moran</u>
Christian J. Moran
Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| VANYA TAYLOR, on Behalf of ZT, a Minor Child,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | No. 14-146V<br>Special Master Moran<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation on behalf of her son, ZT, under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine Program"). The petition seeks compensation for injuries allegedly related to ZT's receipt of the Tetanus, Diphtheria, and acellular Pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table ("Table"), 42 C.F.R. § 100.3(a).

2. ZT received his Tdap immunization on July 25, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that ZT developed Guillain-Barré syndrome ("GBS") as a result of receiving the Tdap vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of ZT as a result of his condition.

6. Respondent denies that the Tdap vaccine caused ZT's GBS or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue payment of an amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company"). This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.   A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.   Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.   Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.   Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of ZT, pursuant to which the Life Insurance Company will agree to make payments periodically to ZT for all damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

Beginning April 28, 2016, $14,084.55 payable annually for a period of ten (10) years certain.

The payments provided for in this paragraph shall be made as set forth above. Should ZT predecease the exhaustion of any certain payments set forth above, any remaining certain payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of ZT's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amount set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

- 3 -

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. §
1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to
paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i),
subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award
for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided
pursuant to this Stipulation will be used solely for the benefit of ZT as contemplated by a strict
construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C.
§§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her
individual capacity and as legal representative of ZT, on behalf of herself, ZT, and ZT's heirs,
executors, administrators, successors or assigns, does forever irrevocably and unconditionally
release, acquit and discharge the United States and the Secretary of Health and Human Services
from any and all actions or causes of action (including agreements, judgments, claims, damages,
loss of services, expenses and all demands of whatever kind or nature) that have been brought,
could have been brought, or could be timely brought in the Court of Federal Claims, under the
National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or
in any way growing out of, any and all known or unknown, suspected or unsuspected personal
injuries to or death of ZT resulting from, or alleged to have resulted from, the Tdap vaccination
administered on July 25, 2011, as alleged by petitioner in a petition for vaccine compensation
filed on or about February 24, 2014, in the United States Court of Federal Claims as petition
No. 14-146V.

17. If ZT should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused ZT to suffer GBS or any other injury or his current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of ZT.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

_____
VANYA TAYLOR

ATTORNEY OF RECORD FOR
PETITIONER:

_____
ROGER A. JOHNSON, ESQ.
JOHNSON, VORHEES & MARTUCCI
510 West 6th Street
Joplin, MO 64801
Tel: (417) 206-0100

AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:

_____
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_____
A. MELISSA HOUSTON M.D., M.P.H., FAAP
Director, Division of Injury Compensation
Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
JUSTINE E. DAIGNEAULT
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 307-6393

Dated: December 19, 2014

- 6 -