# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | | |
| VANYA TAYLOR, on behalf of | * | No. 14-146V |
| ZT, a minor child, | * | Special Master Moran |
|          Petitioner, | * | |
| | * | Filed: March 27, 2015 |
| v. | * | |
| | * | Attorneys' fees and costs; award |
| SECRETARY OF HEALTH | * | in the amount to which |
| AND HUMAN SERVICES, | * | respondent does not object. |
| | * | |
|          Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * | | |

Roger A. Johnson, Johnson, Vorhees & Martucci, Joplin, MO, for Petitioner;
Justine Walters, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On March 27, 2015, respondent filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. Previously, petitioner informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended her application to request $18,466.08, an amount to which respondent does not object. The Court awards this amount.

On February 24, 2014, Vanya Taylor, on behalf of her son, ZT filed a petition for compensation alleging tetanus- diphtheria- acellular pertussis ("Tdap") vaccine which he received on July 25, 2011 caused him to suffer Guillain-Barré syndrome ("GBS"). Petitioner received compensation based upon the parties' stipulation. Decision, filed Dec. 29, 2014. Because petitioner received

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

compensation, she is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

Petitioner seeks a total of **$18,466.08** in attorneys' fees and costs for her counsel. Additionally, in compliance with General Order No. 9, petitioner states that she incurred no out-of-pocket litigation expenses while pursuing this claim. Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $18,466.08 in the form of a check made payable to petitioner and petitioner's attorney, Roger A. Johnson, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter. The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Christina Gervasi, at (202) 357-6521.

**IT IS SO ORDERED.**

s/Christian J. Moran  
Christian J. Moran  
Special Master